No. 23-239

# In the United States Court of Appeals for the Fourth Circuit

AETNA INC.; AETNA LIFE INSURANCE COMPANY; OPTUMHEALTH CARE SOLUTIONS, INC,

*Defendants-Petitioners*,

–v.–

SANDRA M. PETERS,
on behalf of herself and all others similarly situated,

*Plaintiff-Respondent,*

On Petition for Permission to Appeal from the
United States District Court for the Western District of North Carolina,
No. 1:15-cv-00109-MR
The Honorable Martin K. Reidinger, District Judge

**SANDRA M. PETERS' ANSWER IN OPPOSITION TO DEFENDANTS-PETITIONERS' RULE 23(F) PETITION FOR PERMISSION TO APPEAL ORDER GRANTING CLASS CERTIFICATION**

D. Brian Hufford
Jason S. Cowart*
Nell Z. Peyser*
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600

Larry S. McDevitt
David Wilkerson
THE VAN WINKLE LAW FIRM
11 North Market Street
P.O. Box 7379
Asheville, NC 28801
(828) 258-2991

*not admitted in Fourth Circuit

*Attorneys for Plaintiff-Respondent Sandra M. Peters*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.


No.  23-239        Caption:  Aetna Inc., et al. v. Sandra M. Peters

Pursuant to FRAP 26.1 and Local Rule 26.1,

Sandra M. Peters
(name of party/amicus)


 who is _____Respondent_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)


1.      Is party/amicus a publicly held corporation or other publicly held entity?  ☐YES ☑NO


2.      Does party/amicus have any parent corporations?                ☐YES ☑NO
        If yes, identify all parent corporations, including all generations of parent corporations:


3.      Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                ☐YES ☑NO
        If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct
financial interest in the outcome of the litigation?                    ☐YES ☑NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
If yes, identify any publicly held member whose stock or equity value could be affected
substantially by the outcome of the proceeding or whose claims the trade association is
pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                    ☐YES ☑NO
If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a
party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the
caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held
corporation that owns 10% or more of the stock of the debtor.

7.    Is this a criminal case in which there was an organizational victim?                ☐YES ☑NO
If yes, the United States, absent good cause shown, must list (1) each organizational
victim of the criminal activity and (2) if an organizational victim is a corporation, the
parent corporation and any publicly held corporation that owns 10% or more of the stock
of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ D. Brian Hufford                    Date:    September 5, 2023

Counsel for: Sandra M. Peters

- 2 -

[ Print to PDF for Filing ]    [ Reset Form ]

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................1

QUESTIONS PRESENTED...................................................................3

STATEMENT OF THE CASE...............................................................4

  A.  Factual Background.....................................................................4

  B.  Procedural History And The District Court's Class Certification Order .......6

STANDARD OF REVIEW ...................................................................9

ARGUMENT .....................................................................................10

  I.  In Certifying The Plan Claim Class, The District Court Properly Applied Bedrock ERISA Principles That Plan Terms—Not Administrative Service Agreements Or Other Non-Plan Documents—Govern Plaintiff's Claims. ..10

  II.  In Certifying The Member Claim Class, The District Court Faithfully Followed This Court's Directive That Members' Financial Loss Should Be Calculated At The Individual Claims Level For Disgorgement Or Surcharge. ...................................................................................12

  III. Optum's Recycled Arguments Ignore The Law Of The Case And The District Court's Careful Application Of The Law Of The Case In The Class Certification Decision. .................................................................14

CONCLUSION ..................................................................................16

i

## TABLE OF AUTHORITIES

**Cases**

*Boyd v. Met. Life Ins. Co.*,
 636 F.3d 138 (4th Cir. 2011) ...............................................................11

*Cent. Wesleyan Coll. v. W.R. Grace & Co.*,
 6 F.3d 177 (4th Cir. 1993) ...................................................................10

*Gunnells v. Healthplan Servs.*,
 348 F.3d 417 (4th Cir. 2003) .................................................................9

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
 571 U.S. 99 (2013) ..............................................................................12

*Hendricks v. Cent. Reserve Life Ins. Co.*,
 39 F.3d 507 (4th Cir. 1994) ..................................................................12

*Lienhart v. Dryvit Sys. Inc.*,
 255 F.3d 138 (4th Cir. 2001) .................................................................9

*Peters v. Aetna*,
 2 F.4th 199 (4th Cir. 2021) ........................................................ *passim*

*Peters v. Aetna*,
 No. 1:15-cv-00109-MR, 2019 WL 4440200 (W.D.N.C. Sept. 16, 2019) ...........11

*Peters v. Aetna*,
 No. 1:15-cv-00109-MR, 2023 WL 3829407 (W.D.N.C. June 5, 2023) ...............1

*Peters v. Aetna*,
 No. 1:15-cv-00109-MR, 2023 WL 5058820 (W.D.N.C. Aug. 8, 2023)...............2

*Peters v. Aetna*,
 No. 1:15-cv-00109-MR, 2019 WL 1429607 (W.D.N.C. Mar. 29, 2019).............6

*TFWS, Inc. v. Franchot*,
 572 F.3d 186 (4th Cir. 2009)................................................................10

*US Airways, Inc. v. McCutchen*,
 569 U.S. 88 (2013) ..............................................................................12

**Statutes**

29 U.S.C. § 1104(a) ................................................................................12

## **INTRODUCTION**

Defendants'[1] Rule 23(f) Petitions are frivolous. They advance the same arguments that have already been rejected four times in this case—twice by this Court and twice by the District Court. The Petitions do not come close to showing that the District Court's certification decision is so manifestly erroneous that decertification is a "functional certainty," such that immediate interlocutory review is warranted.

On June 22, 2021, this Court rejected each of the arguments Defendants advance in the instant Petitions. *See Peters v. Aetna*, 2 F.4th 199 (4th Cir. 2021) (decision). This Court then summarily denied Defendants' Petition for Panel Rehearing or Rehearing En Banc with no judge requesting a poll. *See* USCA4 Appeal No. 19-2085, Doc. No. 96. Following remand to the District Court, Defendants raised the same arguments again in opposition to class certification. They were again rejected by the District Court, which carefully followed the law of the case established by this Court. *See Peters v. Aetna,* No. 1:15-cv-00109-MR, 2023 WL 3829407 (W.D.N.C. June 5, 2023) ("Cert. Order"). Defendants sought reconsideration, which the District Court denied because Defendants merely "reassert[ed] the same arguments that they previously raised, both before this Court

---

[1] "Defendants" refer to Aetna, Inc., Aetna Life Insurance Company, and Optum Healthcare Solutions, Inc. "Cert. Order" refers to the District Court's June 5, 2023 Memorandum and Order Granting Class Certification.

and the Court of Appeals." *Peters v. Aetna,* No. 1:15-cv-00109-MR, 2023 WL 5058820, at *1 (W.D.N.C. Aug. 8, 2023).

In their Petitions, Defendants recycle the same arguments for the fifth time. Defendants cite no intervening change in the law or the factual record—there is none—and offer no reason why the District Court's class certification decision, and the law of the case on which it rests, are manifestly wrong and require interlocutory review. Aetna's argument against certification of Plan Claim Class fails because it remains blackletter law that administrative service agreements ("ASAs") and other side agreements are not plan documents and cannot supersede the statutory fiduciary duties imposed by ERISA or rewrite terms of written ERISA plans. *Peters*, 2 F.4th at 233. Aetna's argument against certification of the Member Claim Class is equally unavailing because, as this Court recognized, financial loss must be calculated at the individual claims level, not in the aggregate for a disgorgement or surcharge remedy under ERISA. *Id*. at 217. Optum's arguments are no better. Optum argues that it should be dismissed from the case because it is not a fiduciary, but this Court has already correctly held that ERISA allows claims against "a party in interest involved in prohibited transactions." *Id.* at 240.

Rule 23(f) imposes a high bar to justify an interlocutory appeal of a class certification decision. Defendants' Petitions do not come close to reaching it. The

Court should deny the Petitions and allow the District Court to oversee the litigation to final judgment.

## QUESTIONS PRESENTED

By certifying the Classes under Rule 23(b)(1)(A) and 23(b)(3) after finding that Aetna insureds and their ERISA plans were governed by materially identical plan terms and were charged for Optum's administrative fees, and where the insureds, their plans, and the exact overcharges on discrete benefit claims can be identified through defendants' own data, did the District Court manifestly err such that decertification is a functional certainty?

By following the Fourth Circuit's directive that it should rely on plan documents rather than ASAs and other non-plan communications when determining whether Aetna breached its ERISA fiduciary obligations under the plans, did the District Court manifestly err such that decertification is a functional certainty?

By following the Fourth Circuit's directive that determining financial loss for a surcharge or disgorgement remedy should be conducted at the individual claims level, did the District Court manifestly err such that decertification is a functional certainty?

By following the Fourth Circuit's conclusion that Optum could be held liable as a party in interest in this case, did the District Court manifestly err such that decertification as to Optum is a functional certainty?

## STATEMENT OF THE CASE

This certified class action challenges Defendants' uniform, secret practice of illegally requiring plans and plan members to pay Optum's administrative fees by mischaracterizing those fees as medical expenses in contravention of plan terms. This uniform practice harmed all class members in the same way—they were all overcharged on one or more benefit claims. The District Court certified two classes—the Member Claim Class to redress Defendants' unjust enrichment from overcharging members on discrete benefit claims, and the Plan Claim Class to redress Defendants' unjust enrichment from overcharging plans on discrete benefit claims.

### A. Factual Background

Plaintiff offers a brief summary of the facts of the case, derived from the Fourth Circuit's recitation of the facts in its prior decision. *See Peters,* 2 F.4th 199.

Plaintiff was a member of a self-funded health care plan operated by Mars, Inc. *Id. at* 210. Mars hired Aetna to provide a network of medical providers and to be the plan's claims administrator that would process and authorize benefit payments for the health care claims that were submitted by or on behalf of Mars' employees. *Id*. In exchange for performing these tasks, Aetna was paid an administrative fee by the Mars plan. *Id*. Aetna subsequently elected to hire Optum as a subcontractor to fulfill part of Aetna's obligations to the plan and other Aetna plans, by providing a

network of chiropractic and physical therapy providers and processing claims from Optum's so-called "downstream providers" to all Aetna plan members. *Id*. In other words, Aetna hired Optum to serve as the claims administrator for chiropractic and physical therapy-related health care claims in Aetna's stead.

In exchange for providing these services to Aetna, Optum was of course entitled to be paid. *Id*. But because Aetna hired Optum to perform some (but not all) of the same tasks that Aetna had already been paid by the plans to perform, Aetna should have been responsible for paying Optum's fee. *Id*. Aetna did not want to pay Optum's fee out of its own pocket, however. Thus, it requested that Optum "bury" its fee within the claims submitted by Optum's downstream providers so it would appear to be a medical expense that would be paid by the plans or the insureds. *Id*. Optum agreed, although some employees exhibited concern. *Id*. at 211. Through this scheme, the plans and their members, including Plaintiff and her plan, paid Optum's administrative fee, on top of the administrative fee they had already paid Aetna. *Id*. at 210.

To carry out this objective, Defendants added medical "dummy codes" to the ERISA-mandated explanation of benefits ("EOBs") issued to Plaintiff and other class members. *Id*. The "dummy codes" were Current Procedural Terminology ("CPT") codes that improperly listed Optum's purely administrative services as *medical* services, so that the plans and members would pay Optum's administrative

fees rather than Aetna paying them, while concealing the scheme. *Id*. at 210–11, 234–35. Internally, Defendants admitted that they were trying to "bury" these fees and that their conduct would not be viewed favorably if revealed. *Id*. at 210–11.

On June 12, 2015, Plaintiff filed her complaint against Defendants, seeking relief for Defendants' misconduct under ERISA, 29 U.S.C. §§ 1132(a)(1)(B), (a)(2), and (a)(3). She sought to represent a class of Aetna plan members on behalf of their plans under § (a)(2) to recover injuries to the plans caused by the Aetna-Optum scheme, under which the plans were charged for "buried" administrative fees to Optum that should have been paid by Aetna (the "Plan Claim Class"). She also sought to represent a class, under § (a)(1)(B), of Aetna plan members who also paid more for at least one benefit claim than they should have because they were secretly charged a portion of Optum's "buried" administrative fees (the "Member Claim Class"). She also sought equitable relief under § (a)(3).

## B. Procedural History And The District Court's Class Certification Order

On March 29, 2019, the District Court denied Plaintiff's motion for class certification. *Peters v. Aetna,* No. 1:15-cv-00109-MR, 2019 WL 1429607 (W.D.N.C. Mar. 29, 2019). Plaintiff appealed, and this Court reversed. *Peters*, 2 F.4th 199. This Court held that the District Court erred in denying class certification and granting summary judgment in Defendants' favor. More specifically, this Court held that: (1) the fact that Plaintiff was overcharged on a single benefit claim, by

paying an extra amount due to Optum's hidden administrative fee, was sufficient to establish Article III injury, and that this "underlying harm derives from the same common contention—that [Defendants'] fee-shifting scheme breached the terms of the applicable Plan and constituted a breach of fiduciary duty," *id.* at 243; (2) the District Court erred by focusing on the Plaintiff's plan's ASA with Aetna rather than on the written terms of Plaintiff's ERISA plan, *id.* at 233; (3) the harm alleged for both Plaintiff and her plan could be remedied through a disgorgement or surcharge remedy reflecting the excess charges from Optum's hidden administrative fee that had been passed on to Plaintiff and her plan, which could be determined from Defendants' own data and which did not require proof of individual injury, *id.* at 242-43; and (4) Optum could be held liable as a party in interest, *id.* at 244. This Court remanded the class certification question back to the District Court for further consideration.

On September 1, 2021, in the District Court, Plaintiff filed a supplemental memorandum in support of her renewed motion for class certification. *Peters v. Aetna,* No. 1:15-cv-00109-MR (W.D.N.C.), Dkt. No. 256. In it, she explained why, based on the Fourth Circuit's opinion and the evidentiary record, the classes should be certified. Defendants' opposition to that supplemental filing raised the same arguments they had made previously, and which the Fourth Circuit had just rejected, and which they make again in the Petitions. *See id.,* Dkt. No. 259.

On June 5, 2023, the District Court granted Plaintiff's renewed motion for class certification, relying heavily on the Fourth Circuit's opinion, *i.e.*, the law of the case. In its class certification decision, the District Court certified two classes under Rule 23(b)(1)(A) and Rule 23(b):

- <u>Plan Claim Class</u>: All participants or beneficiaries of self-insured ERISA health insurance plans administered by Aetna for which plan responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided

- <u>Member Claim Class</u>: All participants or beneficiaries of ERISA health insurance plans insured or administered by Aetna for whom coinsurance responsibility for a claim was assessed using an agreed rate between Optum and Aetna that exceeded the provider's contracted rate with Optum for the treatment provided

Cert. Order at *12 (finding certification appropriate under Rule 23(b)(1)(A)), *13 (finding certification appropriate under Rule 23(b)(3)).[2] The District Court also made clear, based on the Fourth Circuit's opinion, that both the Member Claim Class and the Plan Claim Class were certified to seek surcharge and disgorgement reflecting Defendants' ill-gotten gains.

On June 19, 2023, Defendants filed a motion for reconsideration. *Peters v. Aetna,* No. 1-15-cv-00109-MR (W.D.N.C.), Dkt. No. 275. The District Court denied

---

[2] In what appears to be administrative error, the order refers to certification only under (b)(3). *Id.* at *14.

8

it, finding that Defendants merely "reassert[ed] the same arguments that they previously raised, both before this Court and the Court of Appeals." *Id.,* Dkt. No. 280 at 2.

## STANDARD OF REVIEW

Both Petitions recite the factors this Court considers when evaluating a request for interlocutory appeal under Rule 23(f). Aetna Pet. at 10-11; Optum Pet. at 7 (both quoting *Lienhart v. Dryvit Sys. Inc.*, 255 F.3d 138, 144 (4th Cir. 2001)). But the Petitions purport to rely solely on only one factor: that there is "substantial weakness" in the District Court's class certification decision.[3] This is preposterous.

When, as here, an alleged "substantial weakness" is the only cited basis in a Rule 23(f) petition, interlocutory review is appropriate only in "extreme cases," where the class certification decision is "manifestly erroneous" such that "decertification is a ***functional certainty***." *Id*. at 145 (emphasis added). This threshold showing is high, in part, because district courts "have wide discretion in deciding whether or not to certify a class." *Gunnells v. Healthplan Servs*., 348 F.3d 417, 424 (4th Cir. 2003) (internal quotation omitted).

---

[3] The Petitions do not contend that any of the other factors support interlocutory review. Aetna refers to other considerations relevant to a 23(f) petition, such as the impact of the questions at issue to "related actions" and if there is "irresistible pressure on defendant to settle," *see* Aetna Pet. at 11 (citations omitted), but fails to argue, let alone show, that those principles apply in this case, which, of course, they do not.

Given the procedural history here, Defendants' burden is particularly heavy. Not only must they overcome the considerable deference afforded district courts where, as here, the District Court "conducted a careful Rule 23 analysis, and supported each of its 23(a) and 23(b)(3) holdings with detailed findings," *Cent. Wesleyan Coll. v. W.R. Grace & Co*., 6 F.3d 177, 186 (4th Cir. 1993), but they must also overcome the law of the case doctrine: "once the decision of an appellate court establishes the law of the case, it must be followed in all subsequent proceedings in the same case in the trial court" unless "the prior decision was clearly erroneous and would work manifest injustice." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 191 (4th Cir. 2009). Given that the District Court's class certification order rests squarely on the law of the case established by this Court, 2 F.4th 199, Defendants must also prove that this Court's prior decision—which was decided on the same evidentiary record as the decision for which Defendants now request interlocutory review—was manifestly erroneous too.

## **ARGUMENT**

I.    **In Certifying The Plan Claim Class, The District Court Properly Applied Bedrock ERISA Principles That Plan Terms—Not Administrative Service Agreements Or Other Non-Plan Documents—Govern Plaintiff's Claims.**

Aetna's lead argument for why the District Court (and by extension, this Court) erred manifestly is its unsupportable contention that the District Court should have considered side agreements and communications between Aetna and plan

10

sponsors, ***rather than the plan documents themselves***, to determine Aetna's obligations under ERISA for the adjudication of benefit claims and calculation of benefits. Defendants are (still) wrong.

Aetna made this very argument to the Fourth Circuit: after the District Court relied on the ASAs rather than the plan documents themselves in its initial class certification decision (*Peters v. Aetna,* No. 1:15-cv-00109-MR, 2019 WL 4440200, at *5–6 (W.D.N.C. Sept. 16, 2019)), Defendants took that same position as appellee before this Court. *See* USCA Appeal 19-2085, Dkt. No. 42 at 31 (arguing ASAs and course of dealing with plan sponsors contained variations that defeat class certification). The Fourth Circuit rejected that argument, holding: "[T]he district court erred in relying solely on the [ASA] as opposed to the SPD when interpreting the terms of the Plan… Had it properly assessed the SPD rather than the [ASA], the district court would have concluded that the SPD supports Peters' position." *Peters*, 2 F.4th at 233.

In the District Court's most recent class certification decision, it heeded the Fourth Circuit's directive and relied on the plan documents instead. *See* Cert. Order at *10 n. 14 (explaining that ASAs and communications with plan sponsors "'are not documents and instruments governing the plan' and therefore are not controlling on the issue of the Defendants' obligations arising under the plans.") (citing *Boyd v. Met. Life Ins. C*o., 636 F.3d 138, 140 (4th Cir. 2011)).

The District Court's conclusion, like this Court's, follows directly from the text of ERISA and Supreme Court precedent. *See* 29 U.S.C. § 1104(a) (as an ERISA fiduciary, Aetna must "discharge [its] duties with respect to a plan solely . . . (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]"); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 108 (2013) (the "linchpin" of ERISA is the "administrator's duty" to apply the "written terms of the plan"); *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 101 (2013) ("The plan, in short, is at the center of ERISA.").[4]

Aetna's argument fails, therefore, both because it flouts this Court's contrary holding in this case and because it contravenes blackletter ERISA law.

**II.    In Certifying The Member Claim Class, The District Court Faithfully Followed This Court's Directive That Members' Financial Loss Should Be Calculated At The Individual Claims Level For Disgorgement Or Surcharge.**

---

[4] *See also Hendricks v. Cent. Reserve Life Ins. Co.*, 39 F.3d 507, 512 (4th Cir. 1994) ("the plan is the controlling document for determining the scope of benefits provided"). Aetna offers no support for its claim that the plan document rule only applies selectively, such that ASAs (and other non-plan communications) suddenly become plan documents that supersede the written terms of the ERISA plan when a court assesses, under § 1132(a)(2), if an ERISA fiduciary has complied with its ERISA fiduciary duties in carrying out its obligations under the plan. *See* Aetna Pet. at 16 n. 8.

Aetna's second argument for why the District Court and this Court erred manifestly fails for the same reason—it is directly contrary to this Court's prior holding.

Aetna argues (again) that financial loss must be calculated in the aggregate, which would require an individualized calculation for each class member. But this Court has already held, in this case, that for a ***disgorgement*** remedy, which focuses on preventing a defendant's unjust enrichment, financial harm should be calculated in terms of whether a defendant was unjustly enriched on each discrete benefit claim. *Peters*, 2 F.4th at 217–21, 238. Indeed, this Court could not have been clearer: "***the financial loss analysis must be conducted at the individual claims level rather than at the aggregate claims level***" for a disgorgement remedy, *id.* at 218 (emphasis added), and that this remedy does ***not*** require an examination of a class member's entire claims history. *Id.* at 219–21, 238. The Court concluded: "[W]e fail to see how surcharge, disgorgement, or declaratory and injunctive relief would necessarily be foreclosed here in a class context based on the record to date." *Id.* at 243. No further discovery has occurred in this case, and "the record to date" is unchanged from that before the Court for the prior appeal.

In its recent class certification order, the District Court followed the Fourth Circuit's directive. It certified the Member Claim Class to seek disgorgement because "every class member was overcharged on at least one benefit claim" and

13

"[d]efendants' data show the amount of administrative fees that the Defendants forced the plans and plan members to bear for each claim." Cert. Order at *6, *9. The District Court then carefully crafted the class definition for the Member Claim Class to include members with "individual claims…for the remedies of disgorgement/surcharge of any benefit the Defendants received at the expense of such participants or beneficiaries." Cert. Order at *9.

Aetna fails to explain why, having already argued and lost this argument before the Fourth Circuit in this case, interlocutory appeal of that exact same issue on the exact same record is warranted. It obviously is not.

## III. Optum's Recycled Arguments Ignore The Law Of The Case And The District Court's Careful Application Of The Law Of The Case In The Class Certification Decision.

Like Aetna, Optum does not present any reasons why the District Court's certification order was so clearly wrong that it justifies immediate interlocutory review. And like Aetna, Optum's Petition asks this Court to find that the District Court manifestly erred by following this Court's direction in *Peters*, 2 F.4th 199, and to disregard and reverse the law of the case that was established in that earlier decision.

In its Petition, Optum contends it should not be a party in this case due to its nonfiduciary status. But the District Court correctly held that Optum's arguments were foreclosed by this Court's directive that Optum could be held liable as a party

14

in interest. Cert. Order at *8. Specifically, this Court found that "Optum could be held liable as a party in interest involved in prohibited transactions based on its apparent participating in and knowledge of Aetna's administrative fee billing model." *Peters*, 2 F.4th at 240. In reaching this decision, this Court cited to record evidence of Optum employees "register[ing] concerns over the legitimacy of the administrative fee billing model." *Id*.; *see also id*. at 240 n. 20 (Optum employees referring to the scheme as "very problematic" and "virtually impossible…to make the math work"). Optum fails to identify any changes in law or in the factual record in this case since this Court's decision—there are no such changes—that render this Court's findings, and the District Court's adherence to those findings, manifest error such that interlocutory review is necessary.

Indeed, Optum's Petition rests on a misdirection: it does not even address the actual claim against it that the District Court certified—an § *(a)(3)* claim for declaratory and retrospective injunctive relief. *See* Cert. Order at *8 ("Plaintiff still has claims for declaratory and non-prospective injunctive relief against Optum that remain"); *see also id*. at *3–4 (explaining that Plaintiff brings a "declaratory and injunctive relief for both self-insured plans and participants/beneficiaries *pursuant to § 1132(a)(3)*.") (emphasis added).[5]

---

[5] At most, Optum's arguments—that a nonfiduciary cannot face liability under ERISA § 1132(a)(2) and that it did not receive plan assets under § 406(a)(1)(D)— are common questions that can be resolved on a classwide basis. Such arguments are

Finally, Optum's contention that it cannot be liable because it did not receive plan assets, Optum Pet. 11–14, simply repeats the argument that it previously and unsuccessfully made to this Court twice: first in its appellee brief, *see* USCA Appeal 19-2085, Doc. 42 at 53, 55, and then in its request for panel rehearing or en banc review, USCA Appeal 19-2085, Doc. 94 at 20, which was summarily denied. USCA Appeal 19-2085, Doc. 96. Optum fails to explain why the District Court's rejection of Optum's same "plan assets" argument—which was entirely consistent with the conclusions of this Court—makes decertification a "functional certainty" that requires immediate interlocutory review.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny the two Petitions.

Dated: September 5, 2023

<div style="margin-left: 40%;">

Respectfully submitted,

*/s/ David M. Wilkerson*
Larry McDevitt, NC Bar No. 5032
David M. Wilkerson, NC Bar No. 35742
THE VAN WINKLE LAW FIRM
11 North Market Street
Asheville, NC 28801
(828) 258-2991
lmcdevitt@vwlawfirm.com

</div>

---

better suited for a motion to dismiss or for summary judgment; they have no bearing on class certification. For that reason alone, the Court should decline Optum's petition.

Andrew N. Goldfarb*
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
(202) 778-1800
(202) 822-8106 (fax)
agoldfarb@zuckerman.com

D. Brian Hufford
Jason S. Cowart*
Nell Z. Peyser*
ZUCKERMAN SPAEDER LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
(212) 704-9600
dbhufford@zuckerman.com
jcowart@zuckerman.com
npeyser@zuckerman.com

*Attorneys for Plaintiff-Respondent*
*Sandra M. Peters*

*not admitted in Fourth Circuit

## **CERTIFICATE OF COMPLIANCE**

This brief complies with type-volume limits of Fed. R. App. P. 5(c)(1) because it contains 3,749 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14pt Times New Roman.

*/s/ D. Brian Hufford*
D. Brian Hufford
Zuckerman Spaeder LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
dbhufford@zuckerman.com

*Attorney for Plaintiff-Respondent*
*Sandra M. Peters*

## <u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that at on September 5, 2023, the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Fourth Circuit through the appellate CM/ECF system, and that a true and correct copy was served on the following counsel of record through the appellate CM/ECF system:

Brian D. Boone
Brian.boone@alston.com

E. Thomison Holman
tom@holmanlawwnc.com

Earl B. Austin
earl.austin@bakerbotts.com

<u>/s/ D. Brian Hufford</u>
D. Brian Hufford
Zuckerman Spaeder LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Tel: (212) 704-9600
dbhufford@zuckerman.com

*Attorney for Plaintiff-Respondent*
*Sandra M. Peters*